UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**  Criminal No. 05-221 (HHK)

v.

**FILED UNDER SEAL**

**KEVIN HONESTY,**
        **Defendant.**
_____/

**GOVERNMENT'S MOTION TO SEAL PLEA AGREEMENT
AND ALL OTHER PLEADINGS AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS MOTION
TO SEAL AND ALL RELATED MATTERS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the plea agreement, information, pleadings and all proceedings in this case, including the instant motion to seal. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to the information (Conspiracy to Distribute and Possess With Intent To Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, and Armed Bank Robbery).

The sealing is necessary because the plea agreement and related pleadings contain sensitive information, and disclosure of which would not be in the interest of either the defendant or the government. As part of his plea agreement, the defendant has agreed to cooperate with the government, which cooperation includes the possibility of testimony and covert activities. Accordingly, it is essential that any information concerning the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide candid testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators.

It is common practice for individuals associated with drug organizations and/or targets of investigations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to drug organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a narcotics case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the plea agreement, information and all other pleadings, records, proceedings, and files in this case from this date forward, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.  See <u>Washington Post v. Robinson</u>, 935 F.2d 282, 289 (D.C. Cir. 1991)

Defense counsel, Charles Daum, has been advised of the contents of this motion and has informed the undersigned prosecutor of his support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY
BAR NO. 451-058

_____

RACHEL CARLSON LIEBER
Assistant U.S. Attorney
Organized Crime and Narcotics Trafficking Section
D.C. Bar Number 457-491
555 4th Street, N.W.
Room 4820
Washington, D.C. 20530
(202) 353-8055